E-FILED
Thursday, 30 July, 2026  04:08:32 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURTS
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| **DANIEL MCGREGORY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-03300-SEM** |
| | ) | |
| **DENESSA ARMSTRONG** *et al.*, | ) | |
| **Defendants.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Daniel McGregory filed a complaint (Doc. 1) under 42 U.S.C. § 1983, alleging constitutional violations at Graham Correctional Center, where he currently resides. Plaintiff has also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 8).

The Clerk of the Court ("Clerk") is directed to reopen Plaintiff's case and process his IFP Petition under the standard procedures. The Court concludes that Plaintiff's pleading does not state a plausible claim.

### I. SCREENING STANDARD

Title 28 U.S.C. § 1915A requires the Court to "screen"

Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing the complaint, the court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. BACKGROUND

In January 2026, the Court dismissed Plaintiff's case because he failed to either pay the $405 filing fee or file an IFP Petition. Plaintiff later filed a Motion to Reconsider (Doc. 5), explaining he was unaware of his obligation. The Court denied Plaintiff's filing as it neither contained the filing fee nor an IFP Petition. However, the

Court granted Plaintiff until July 31, 2026, to either remit the filing fee or file an IFP Petition. Plaintiff has timely filed an IFP Petition (Doc. 8). Thus, the Clerk of the Court is directed to reopen this case and process Plaintiff's IFP Petition under the standard procedures.

### III. FACTS ALLEGED

Plaintiff identifies Illinois Department of Corrections Director Latoya Hughes and Graham Warden Denessa Armstrong as Defendants.

Plaintiff explains that after transferring to Graham and later receiving his personal property, he noticed his Norelco trimmers were broken. Plaintiff filed a grievance, but he later learned that his trimmers were destroyed before the grievance procedure was completed. Plaintiff asserts that the established procedure was not followed regarding destruction of personal property. (Doc. 1 at 5-6.)

### IV. ANALYSIS

"Section 1983 provides a claim against a person acting under color of law who deprives another of a federal right. 42 U.S.C. § 1983." *Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir.

2018). Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016). "For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

Despite naming Defendants Armstrong and Hughes, Plaintiff does not provide facts to infer they committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Therefore, Plaintiff fails to state a plausible claim against Armstrong and Hughes.

The Court infers that Plaintiff's rationale for suing Defendants Armstrong and Hughes is based primarily on their respective supervisory responsibilities, which is inadequate to impose § 1983 liability. *See Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997) ("The doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (noting that because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Additionally, the unauthorized—negligent or intentional—loss, confiscation, or destruction of a prisoner's personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Parratt v. Taylor,* 451 U.S. 527 (1981); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

In Illinois, a prisoner has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis,* 5 F.3d

1031, 1036 (7th Cir. 1993); *see also Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015) ("The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property."); Court of Claims Act, 705 ILCS 505/8(d) (limiting damages against the State for tort claims and vesting the Court of Claims with exclusive jurisdiction); *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 891 (N.D. Ill. 2009) ("Pursuant to state law, [arrestee] may file a tort claim in the Illinois Court of Claims for her property losses.").

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file a second amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion, shall not exceed ten pages total, and shall be the only exhibit appended to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants.

Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

**IT IS THEREFORE ORDERED:**

1) **The Clerk of the Court ("Clerk") is DIRECTED to reopen Plaintiff's case and process his IFP Petition under the standard procedures.**

2) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) for failure to state a federal claim for relief.**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does**

**not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED July 30, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE